Billy F. Steffey
455 Capitol Mall, Suite 802
Sacramento, CA 95814
(916) 955-6332
bsteffey@mac.com
Plaintiff, Self-Represented

FILED
SEP 28 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

Billy F. Steffey,
Plaintiff,
v.
Federal Bureau of Prisons; and
United States Department of Justice,
Defendants.

**Case No.:** 2:26-CV-3395-TLN-SCR (PS)

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552**

## NATURE OF THE ACTION

1. Plaintiff Billy F. Steffey brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to obtain four pages of agency records that the Federal Bureau of Prisons (BOP) located in response to his Request No. 2026-05140 and withheld in full. The request sought a March 27 Special Investigative Services (SIS) Advisory. On information and belief, the four pages are the SIS Advisory dated March 27, 2017. The Department of Justice's Office of Information Policy (OIP) affirmed the withholding on September 22, 2026, in Appeal No. A-2026-01552.

2. Plaintiff seeks de novo review and an order requiring Defendants to release the four pages. If the Court sustains the withholding of any portion, Plaintiff seeks release of every reasonably

segregable portion that is not exempt.

**JURISDICTION, VENUE, AND PARTIES**

3. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. The Court may grant declaratory relief under 28 U.S.C. §§ 2201-2202.

4. Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) because Plaintiff resides in Sacramento County, California, within this District. This action is properly commenced in Sacramento. E.D. Cal. L.R. 120(d).

5. Plaintiff is the requester of the records at issue and the appellant in OIP Appeal No. A-2026-01552.

6. Defendant United States Department of Justice is an agency within the meaning of 5 U.S.C. § 552(f)(1) and has possession, custody, and control of the records at issue. BOP and OIP are components of the Department. BOP processed the request, located the records, and withheld them. OIP decided the administrative appeal.

**THE REQUEST AND BOP'S DETERMINATION**

7. On May 10, 2026, Plaintiff e-mailed BOP's FOIA office requesting "specifically March 27th SIS Advisory document" and asking BOP to preserve it. (Ex. A.)

8. By letter dated May 26, 2026, bearing Request No. 2026-05140, BOP stated that the request could not be processed because it did not describe a BOP record in enough detail to allow a search, and asked Plaintiff to resubmit it with more detail. (Ex. B.)

9. By e-mail dated May 27, 2026, BOP stated that it had received Plaintiff's voicemail "regarding your request regarding a March SIS advisory" and had reopened the request under Request No. 2026-05140. (Ex. C.)

10. By letter dated May 28, 2026, BOP stated that its staff had located four pages of responsive records and that all four pages "must be withheld in their entirety" under Exemptions 7(E) and 7(F), 5 U.S.C. § 552(b)(7)(E)-(F). The letter stated that BOP had considered the foreseeable-harm standard. Apart from paraphrasing the two exemptions, the letter gave no explanation for the withholding. (Ex. D.)

11. On information and belief, the four withheld pages are the SIS Advisory dated March 27, 2017. The basis for this belief is (a) that BOP located the four pages after Plaintiff identified the record he sought as a March SIS Advisory, and (b) that a BOP incident report issued at the Federal Correctional Institution in Herlong, California (Incident Report No. 3025931, concerning an August 24, 2017 incident), states that SIS staff tested items using NIK testing procedures outlined in an SIS Advisory dated March 27, 2017.

**THE ADMINISTRATIVE APPEAL**

12. Plaintiff timely appealed BOP's withholding to OIP. By letter dated June 1, 2026, OIP acknowledged that it had received the appeal on May 29, 2026, and assigned it Appeal No. A-2026-01552. (Ex. E.)

13. On September 22, 2026, OIP affirmed BOP's action. OIP stated that BOP had properly withheld the information in full under Exemptions 7(E) and 7(F), and advised Plaintiff that he could file suit under 5 U.S.C. § 552(a)(4)(B). OIP addressed foreseeable harm in a single sentence covering both exemptions. OIP did not describe the withheld pages or address whether any portion of them could be segregated and released. (Ex. F.)

14. Plaintiff has exhausted his administrative remedies with respect to the withholding. No portion of the four pages has been released to Plaintiff.

**THE WITHHOLDING**

15. The records at issue consist of four pages. On information and belief, they were created more than nine years ago. Whether any procedure they describe remains in use, or has since been revised or superseded, bears directly on whether disclosure could cause any foreseeable harm to an interest protected by Exemption 7(E) or 7(F), and on whether disclosure of any guideline could reasonably be expected to risk circumvention of the law.

16. Neither BOP's determination nor OIP's decision identifies any individual, or any group of individuals, whose life or physical safety could reasonably be expected to be endangered by disclosure of the four pages, or explains how disclosure could create such a danger. (Exs. D, F.)

17. Neither BOP's determination nor OIP's decision identifies any technique, procedure, or guideline that disclosure would reveal, explains why any such technique or procedure is not generally known to the public, or explains how disclosure of any guideline could reasonably be expected to risk circumvention of the law. (Exs. D, F.)

18. On information and belief, the four pages relate to the NIK narcotics field-test system, a commercially sold product whose manufacturer publishes instructions and color charts for its use. To the extent the pages restate information contained in those published materials, that information is generally known to the public and is not protected by Exemption 7(E).

19. On information and belief, the pages contain elements such as a date, title, issuing office, author or signatory, and distribution information. At a minimum, those elements, and any attribution of information to an outside source, are reasonably segregable. Their release could not reasonably be

expected to disclose any protected technique, procedure, or guideline, or to endanger anyone. BOP nonetheless withheld all four pages in full, and OIP affirmed without addressing segregability.

## CLAIM FOR RELIEF

## COUNT ONE - VIOLATION OF FOIA, 5 U.S.C. § 552: IMPROPER WITHHOLDING OF AGENCY RECORDS

20. Plaintiff incorporates paragraphs 1 through 19.

21. The four pages are agency records in Defendant's possession, custody, and control, and Defendant has withheld them from Plaintiff.

22. Defendant's withholding violates 5 U.S.C. § 552(a)(3)(A), (a)(8)(A), and (b). The withheld information does not satisfy Exemption 7(E) or Exemption 7(F), including the threshold requirement that it have been compiled for law enforcement purposes. Defendant has not shown that it reasonably foresees that disclosure would harm an interest protected by either exemption, as 5 U.S.C. § 552(a)(8)(A)(i) requires. Defendant has not taken reasonable steps to segregate and release nonexempt information, as 5 U.S.C. § 552(a)(8)(A)(ii) and the first sentence following 5 U.S.C. § 552(b)(9) require.

23. Under 5 U.S.C. § 552(a)(4)(B), the Court determines the matter de novo and may examine the records in camera, and Defendant bears the burden of sustaining its action.

24. Plaintiff is entitled to an order enjoining Defendant from withholding the records and requiring their release, in whole or in reasonably segregable part.

**REQUEST FOR RELIEF**

Plaintiff requests that the Court:

A. Declare that Defendant's withholding of the four pages, in whole or in part, violates FOIA;

B. Enjoin Defendant from withholding, and order Defendant to release to Plaintiff by a date certain, the four pages located in response to Request No. 2026-05140, or, if the Court sustains the withholding of any portion, every reasonably segregable portion that is not exempt;

C. Order Defendant to produce a Vaughn index and supporting declarations describing, for each withheld portion, the exemption claimed, the foreseeable harm asserted, and the basis for any determination that the portion cannot be segregated and released; and examine the four pages in camera under 5 U.S.C. § 552(a)(4)(B);

D. Expedite consideration of this action under 28 U.S.C. § 1657(a) upon a showing of good cause;

E. Award Plaintiff litigation costs, and any attorney fees recoverable, under 5 U.S.C. § 552(a)(4)(E); and

F. Grant such other relief as the Court deems just and proper.

Dated: 9-28-26, 2026

Billy F. Steffey
Plaintiff, Self-Represented

# INDEX OF EXHIBITS

Steffey v. United States Department of Justice

Copies of the request and of the agency records of its processing and administrative appeal follow. Each exhibit reproduces every page of Plaintiff's copy of the document.


**Exhibit A** May 10, 2026 request (e-mail to BOP)
1 page | Complaint page 8

**Exhibit B** May 26, 2026 BOP letter
3 pages | Complaint pages 9-11

**Exhibit C** May 27, 2026 BOP e-mail reopening the request
2 pages | Complaint pages 12-13

**Exhibit D** May 28, 2026 BOP determination
2 pages | Complaint pages 14-15

**Exhibit E** June 1, 2026 OIP acknowledgment of appeal
1 page | Complaint page 16

**Exhibit F** September 22, 2026 OIP decision on appeal
2 pages | Complaint pages 17-18

Outlook

**[EXTERNAL] Another specific Document request or you can add it to my earlier one**

**From** B Steffey <bsteffey7@proton.me>
**Date** Sun 5/10/2026 2:16 AM
**To** BOP-OGC-EFOIA-S (BOP) <BOP-OGC-EFOIA-S@bop.gov>

I am requesting specifically March 27th SIS Advisory document.

This is also notice to preserve this as I am going o be requesting a court order and discovery and requesting this document.

Please acknowledge.

**U.S. Department of Justice**
**Federal Bureau of Prisons**

*Central Office*
*320 First St., NW*
*Washington, DC 20534*

May 26, 2026

Billy Steffey
229 Dragonfly Circle
Sacramento, CA 95834

Request Number: 2026-05140

Dear Bill Steffey:

This is in response to your request for information under provisions of the Freedom of Information/Privacy Acts. We determined your request cannot be processed for the reason identified below.

A proper Freedom of Information Act (FOIA) request for records must reasonably describe the records sought. *See* 5 U.S.C. § 552(a)(3)(A). Your request does not adequately describe a BOP record with enough details to allow us to conduct a search. Please resubmit with more details.

Additionally, regarding your request for preservation, the Freedom of Information Act (FOIA) is not an appropriate mechanism for seeking preservation of Bureau of Prisons records.

You may discuss your request with the undersigned, this office, the BOP's FOIA Public Liaison, Ms. Kara Christenson, at: 202-616-7750 (phone); 320 First Street NW, Suite 936, Washington, DC 20534; or BOP-OGC-EFOIA-S@bop.gov, or a representative of the Department of Justice's Office of Information Policy (http://www.justice.gov/oip/efoia-portal.html).

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, MD 20740-6001; ogis@nara.gov; 202-741-5770 (phone); 1-877-684-6448 (toll free); or 202-741-5769 (fax).

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, DC 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

J. Brown, for
Kara Christenson
Supervisory Government Information Specialist

Outlook

**[EXTERNAL] Another specific Document request or you can add it to my earlier one**

**From** B Steffey <bsteffey7@proton.me>
**Date** Sun 5/10/2026 2:16 AM
**To** BOP-OGC-EFOIA-S (BOP) <BOP-OGC-EFOIA-S@bop.gov>

I am requesting specifically March 27th SIS Advisory document.

This is also notice to preserve this as I am going o be requesting a court order and discovery and requesting this document.

Please acknowledge.

# FOIA Request 2026-05140

From: bop-ogc-efoia-s@bop.gov
bop-ogc-efoia-s@bop.gov

To: bsteffey@mac.com
bsteffey@mac.com

On: Wednesday, May 27, 2026 at 4:45:16 AM

Dear Billy Steffey,

We have received your voicemail regarding your request regarding a March SIS advisory. This is to acknowledge we have reopened your Freedom of Information Act (FOIA) request. The Federal Bureau of Prisons (BOP) assigned your request FOIA Request Number 2026-05140.

The records you seek require a field office to search for and collect records and/or we expect any records responsive to your request will be voluminous and require significant time to review, and/or your request requires consultation with at least one other agency with a substantial interest in your request. Because of these unusual circumstances, we are extending the time limit to respond to your request beyond the ten additional days provided by the statute. *See* 5 U.S.C. § 552 (a)(6)(B)(i)-(iii) (2018).

For your information, we use multiple tracks to process requests, but within those tracks we work in an agile manner, and the time needed to complete our work on your request will necessarily depend on a variety of factors, including the complexity of our records search, the volume and complexity of any material located, and the order of receipt of your request. At this time, we have assigned your request to the complex track. We anticipate processing your request will take up to 9 months. In an effort to speed up our process, you may wish to narrow the scope of your request to limit the number of potentially responsive records so it can be placed in a different processing track. You can also agree to an alternative time frame for processing, should records be located, or you may wish to await the completion of our records search to discuss either of these options. Any decision regarding the application of fees will be made only after we determine whether fees will be implicated for this request.

We regret the necessity of this delay, but assure you your request will be processed as soon as possible. If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, you may contact this Office by e-mail at bop-ogc-efoia-s@bop.gov by telephone at (202) 616-7750, or by writing to the above address. You may also contact our FOIA Public Liaison, Ms. Kara Christenson, at the same email or telephone number to discuss any aspect of your request. You can also check the status of your request online at http://www.bop.gov/foia/index.jsp#tabs-6.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448.

Sincerely,

FOIA Staff

Federal Bureau of Prisons
U.S. Department of Justice

**U.S. Department of Justice**
**Federal Bureau of Prisons**

*Central Office*
*320 First St., NW*
*Washington, DC 20534*

May 28, 2026

Billy Steffey
229 Dragonfly Circle
Sacramento, CA 95834

Request Number: 2026-05140

Dear Billy Steffey:

This is in response to the above referenced Freedom of Information Act (FOIA) request, a copy of which is attached.

In response to your request, staff located 4 pages of responsive records, which were forwarded to this office for a release determination. After careful review, we determined 4 pages must be withheld in their entirety.

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, records were redacted or withheld in full from disclosure to you under the following exemptions:

(b)(7)(E), Permits withholding of records when techniques and procedures for law enforcement investigations or process would be disclosed or provided such disclosure could reasonably be expected to risk circumvention of law.
(b)(7)(F), Permits withholding of records when endangering the safety or life of any individual could reasonably be expected..

BOP considered the foreseeable harm standard when reviewing responsive records and applying FOIA exemptions.

If you have questions about this response, please feel free to contact the undersigned, this office, or the Federal Bureau of Prisons' (BOP) FOIA Public Liaison, Ms. Kara Christenson, at 202-616-7750, 320 First Street NW, Suite 936, Washington DC 20534, or BOP-OGC-EFOIA-S@bop.gov.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at

202-741-5769.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." If possible, please provide a copy of your original request and this response letter with your appeal.

Sincerely,

R. Carl, for
Kara Christenson,
Supervisory Government Information Specialist

**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

June 01, 2026

Billy Steffey
Register No. 68463-097
229 Dragonfly Circle
Sacramento, CA 95834
bsteffey7@proton.me

Dear Billy Steffey:

This is to advise you that the Office of Information Policy of the U.S. Department of Justice received your administrative appeal from the action of the Federal Bureau of Prisons regarding Request No. 2026-05140 on 05/29/2026. Please note that this Office was closed due to a lapse in funding appropriations from 10/1/25 through 11/12/25, which will result in a delay in responding to your appeal.

In an attempt to afford each appellant equal and impartial treatment, OIP has adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number A-2026-01552. Please refer to this number in any future communication with OIP regarding this matter. Please note that if you provided an email address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at 202-514-3642. If you have submitted your appeal through Freedom of Information Act STAR, you may also check the status of your appeal by logging into your account.

Sincerely,

Priscilla Jones

Priscilla Jones

Supervisory Administrative Specialist

**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Billy Steffey

Re: Appeal No. A-2026-01552

Request No. 2026-05140

bsteffey7@proton.me

**VIA: Online Portal - 09/22/2026**

Dear Billy Steffey:

You appealed from the action of the Federal Bureau of Prisons (BOP) on your Freedom of Information Act (FOIA) request for access to a specific SIS advisory document. I note that your appeal concerns the withholdings made by BOP pursuant to Exemptions (b)(7)(E) and (b)(7)(F). Please note that this Office was closed due to a lapse in funding appropriations between October 1, 2025 and November 12, 2025, which resulted in a delay in responding to your appeal.

After carefully considering your appeal, I am affirming BOP's action on your request. The FOIA provides for disclosure of many agency records. At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities. BOP properly withheld this information in full because it is protected from disclosure under the FOIA pursuant to:

5 U.S.C. § 552(b)(7)(E), which concerns records or information compiled for law enforcement purposes the release of which would disclose techniques and procedures or guidelines for law enforcement investigations or prosecutions; and

5 U.S.C. § 552(b)(7)(F), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to endanger the life or personal safety of an individual.

Please be advised that for each of these exemptions, it is reasonably foreseeable that disclosure of the information withheld would harm the interests protected by these exemptions.

Please be advised that this Office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of BOP in response to your request.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; or toll-free at 1-877-684-6448. If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office and speak with the undersigned agency official by calling 202-514-3642.

Sincerely,

X ____________________________
Christina Troiani
Chief, Administrative Appeals Staff