ERIC GRANT
United States Attorney
ZACHARY A. JAYOUSI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2870
Facsimile: (916) 554-2900

Attorneys for Defendants
Federal Bureau of Prisons and
United States Department of Justice

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY F. STEFFEY,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS and UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendants. | CASE NO. 2:26-CV-03395-TLN-SCR<br><br>**ANSWER BY FEDERAL BUREAU OF PRISONS AND UNITED STATES DEPARTMENT OF JUSTICE** |

Defendants Federal Bureau of Prisons ("BOP") and the United States Department of Justice ("DOJ") hereby answer Plaintiff Billy F. Steffey's Complaint for Declaratory and Injunctive Relief under FOIA ("Complaint").

## NATURE OF THE ACTION[1]

1. This paragraph contains characterizations of the Complaint to which no response is required. To the extent a response is required, Defendants admit that Plaintiff brings this action under the FOIA, 5 U.S.C. § 552 *et seq.* Defendants further admit that BOP initially located four pages of

[1] For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that responses to headings in the Complaint are not required, to the extent a response is deemed required, and to the extent the headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

records in response to Plaintiff's FOIA request seeking a copy of a March 27, 2017, Special Investigative Services ("SIS") Advisory, which request was assigned FOIA Request No. 2026-05140, and that its Determination Letter advised Plaintiff it had determined that all four pages must be withheld in full. Defendants further admit that Plaintiff appealed and that the DOJ's Office of Information Policy ("OIP") affirmed BOP's determination via a September 22, 2026, final decision in Appeal No. A-2026-01552.

2. This paragraph contains characterizations of the Complaint to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained within this paragraph, and, on that basis, deny them.

**JURSIDICTION, VENUE, AND PARTIES**

3. This paragraph contains Plaintiff's legal conclusions regarding jurisdiction to which no response is required. To the extent that a response is required, Defendants admits that this Court has jurisdiction over properly stated claims under the FOIA, subject to the terms and limitations of the statute. Defendant further admits that this Court has federal question jurisdiction over this action under 28 U.S.C. § 1331, subject to the terms and limitations of the statute. Defendants otherwise deny the allegations contained within this paragraph.

4. This paragraph contains Plaintiff's legal conclusions regarding venue to which no response is required. To the extent that a response is required, Defendants admit that venue is proper in this district for properly stated claims under the FOIA, subject to the terms and limitations of the statute. Defendants otherwise lack sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained within this paragraph, and, on that basis, deny them.

5. Defendants admit that Plaintiff is the requester for FOIA Request No. 2026-05140, which request is the subject of this litigation, and that Plaintiff was the appellant in OIP Appeal No. A-2026-01552. Defendants deny, however, that Plaintiff remains deprived of the requested records.

6. Defendants admit that DOJ is a federal agency subject to FOIA and that BOP and OIP are DOJ components. Defendants further admit that Plaintiff's FOIA request was directed to BOP and that BOP processed Plaintiff's FOIA request and conducted a search for records responsive to that request.

Defendants aver that, although the 4 pages of responsive records initially located were withheld in full, a Supplemental Determination Letter was issued to Plaintiff on November 13, 2026, indicating that an additional 4 pages of responsive pages had been located and that 4 pages of records were released, in part, to Plaintiff. Defendants admit that OIP decided Plaintiff's administrative appeal.

**REQUEST, WITHHOLDING, AND COMPLETED APPEAL**

7. Defendants admit that Plaintiff submitted a FOIA request, via email dated May 10, 2026, that was assigned tracking number FOIA Request No. 2026-01540. Defendants refer to the FOIA request for a complete and accurate statement of its contents. Defendants otherwise deny the allegations contained within this paragraph.

8. Defendants admit that on May 28, 2026, BOP issued its first Determination Letter. Defendants refer to its May 28, 2026, Determination Letter for a complete and accurate statement of its contents. Defendants otherwise deny the allegations contained within this paragraph.

9. Defendants admit that Plaintiff appealed to OIP and that his appeal was assigned Appeal No. A-2026-01552. Defendants refer to OIP's June 1, 2026, acknowledgment letter for a complete and accurate statement of its contents. Defendants otherwise deny the allegations contained within this paragraph.

10. Defendants admit that OIP affirmed BOP's action on Plaintiff's FOIA request. Defendants refer to OIP's September 22, 2026, final decision for a complete and accurate statement of its contents. Defendants otherwise deny the allegations contained within this paragraph.

11. Defendants admit that Plaintiff has completed the administrative appeal concerning its May 28, 2026, Determination Letter. Defendants deny that no portion of the four responsive pages has been provided to Plaintiff in light of the Supplemental Determination Letter issued to him on November 13, 2026, and the four pages of responsive records released, in part, along with it.

**CONTEXT AND LIMITED SCOPE**

12. Defendants admit that Plaintiff has submitted prior FOIA requests seeking BOP records. Defendants refer to those prior FOIA requests and the respective determination letters issued by the BOP in response thereto for both a complete and accurate statement of the subjects of said requests and the contents of the responses thereto. Defendant admits that the Complaint herein pertains only to FOIA

Request No. 2026-05140. Defendants otherwise deny the allegations contained within this paragraph.

13. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained within this paragraph, and, on that basis, deny them.

14. Defendants admit that the subject of FOIA Request No. 2026-05140 is a March 27, 2017, SIS Advisory. Defendants lack sufficient knowledge and information to form a belief as to the truth of the remainder of the allegations contained with this paragraph, and, on that basis, deny them.

**COUNT ONE – IMPROPER WITHHOLDING OF AGENCY RECORDS**

15. Defendants incorporate their responses to paragraphs 1-14 as if set forth fully herein.

16. Defendants admit that four pages of records were initially located by the BOP in response to FOIA Request No. 2026-05140 and that all four pages were withheld in full. Defendants aver that, thereafter, four additional pages of responsive records were located and that a Supplemental Determination Letter was issued to Plaintiff on November 13, 2026, along with the four additional pages of responsive records which were released in part. Defendants otherwise deny the allegations contained within this paragraph.

17. The first sentence in Paragraph 17 consists of a conclusion of law to which no response is required. To the extent a response may be deemed required, Defendants deny the allegation contained within the first sentence in Paragraph 17. Defendants deny the remaining allegations in Paragraph 17.

18. Defendants admit that the initial Determination Letter issued for FOIA Request No. 2026-05140 stated the exemptions and general grounds for withholding but did not supply a record-specific explanation establishing why every portion of all four pages was required to be withheld but expressly avers that FOIA does not require this level of specificity in a Determination Letter. Defendants lack sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained within Paragraph 18 and, on that basis, deny them.

19. The first sentence in Paragraph 19 consists of a conclusion of law to which no response is required. To the extent a response may be deemed required, Defendants deny the allegation contained within the first sentence in Paragraph 19. Defendants lack sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained within Paragraph 19 and, on that basis, deny them.

**REQUEST FOR RELIEF**

The remaining paragraph beginning with Request for Relief consists of a prayer for relief to which no response is required. Insofar as a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever and denies the allegations in this paragraph.

**GENERAL DENIAL**

Defendants deny any allegations not specifically admitted or denied.

**AFFIRMATIVE DEFENSES**

Defendants reserve the right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances that give rise to this Complaint become known to Defendants through the course of this litigation. Defendants do not assume the burden of proving any of these defenses or elements thereof where, as a matter of law, the burden is properly placed on Plaintiff.

**FIRST DEFENSE**

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief to the extent that they exceed the relief authorized by FOIA or the Privacy Act. 5 U.S.C. § 552; 5 U.S.C. § 552a.

**SECOND DEFENSE**

Plaintiff is not entitled to compel the production of any record or portion of a record protected from disclosure by one or more of the exclusions or exemptions to the FOIA, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, where disclosure would cause foreseeable harm.

**THIRD DEFENSE**

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**FOURTH DEFENSE**

FOIA does not provide for declaratory relief against a federal agency.

**FIFTH DEFENSE**

Plaintiff is neither eligible for nor entitled to litigation costs.

**SIXTH DEFENSE**

Defendants' actions or inactions did not violate FOIA or any other statutory or regulatory provision.

**SEVENTH DEFENSE**

At all times, Defendants acted in accordance with the law, with justification, and/or pursuant to authority.

**EIGHTH DEFENSE**

Defendants assert that they have, or may have, additional defenses that are not known to Defendants at this time, but which may be ascertained during litigation. Defendants specifically preserve these and other affirmative defenses as they are ascertained during litigation, including those required by Fed. R. Civ. P. 8 and 12.

**NINTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

THEREFORE, Defendants assert that that Plaintiff is not entitled to the relief requested, or to any relief whatsoever, and request that this action be dismissed with prejudice and that Defendants be given such other relief as the Court deems proper.

Dated: November 18, 2026

ERIC GRANT
United States Attorney

By: */s/ Zachary A. Jayousi*
ZACHARY A. JAYOUSI
Assistant United States Attorney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Eastern District of California and is a person of such age and discretion to be competent to serve papers.

That on November 18, 2026, she served a copy of:

**ANSWER BY FEDERAL BUREAU OF PRISONS**
**AND UNITED STATES DEPARTMENT OF JUSTICE**

by placing said copies in a postpaid envelope addressed to the person(s) hereinafter named, at the place(s) and address(es) stated below, which is/are the last known address(es), and by depositing said envelope and its contents in the United States Mail at Sacramento, California.

**Address(es):**

Billy F. Steffey
455 Capitol Mall, Suite 802
Sacramento, CA 95814

*/s/ Monica C. Lee*
MONICA C. LEE